### ROBERTS v. THE PEOPLE.

1. The connection of the district attorney with the defense of another case, the facts of which were interwoven with the facts in the case at bar, *held* sufficient to warrant his being excused from prosecuting.
2. A motion to compel the prosecutor to elect upon which count in an indictment he will proceed, when such indictment contains more than one count, each charging a felony, is addressed to the discretion of the court; in such case this court will not on review interfere, except an abuse of the discretion clearly appears.

3. Witnesses familiar with ore taken from a certain mine may testify as to its identity in the same manner and same sense as to the identity of other personal property.

4. While direct evidence of the *corpus delicti* is always desirable, it should not, in prosecutions for the larceny of ores, be held indispensable, but the circumstantial evidence relied upon should be such as to exclude all reasonable doubt.

5. The general rule is that the extrajudicial confessions of a prisoner are not sufficient to warrant a conviction with proof *aliunde* of the *corpus delicti.*

6. While the entire confession of the prisoner must be received, it is for the jury to say whether exculpatory facts contained in his confession are true.

7. Where two or more persons are engaged in the execution of a common plan to commit a larceny, each may be equally guilty of the larceny.

8. As a matter of theory, one charged with crime may be convicted upon the evidence of an accomplice alone; as a matter of practice, courts caution juries against reliance upon the testimony of accomplices unless corroborated by independent evidence.

### *Error to District Court of Lake County.*

THE indictment in this case contains two counts, charging Roberts, in the first, with the larceny of mineral ore of the value of $120, and in the second with breaking and severing ore, with intent to steal in the Forest City mine, while an employee therein; each of said offenses being a felony. The ownership of both the ore and the mine was alleged to be in the Small Hopes Consolidated Mining Company, a corporation. Upon this indictment Roberts was tried and convicted, the jury rendering a general verdict of guilty in manner and form as charged in the indictment, and finding the value of the property stolen to be $120. A motion for a new trial was interposed and denied, and Roberts was sentenced to confinement in the penitentiary for the term of two years. C. C. Parsons and S. P. Rose appeared as attorneys to aid the prosecution. While the jury was being impaneled, Philip O'Farrel, the district attorney, asked to be excused from further service in the case, stating as the reason

therefor that he had been "retained in another cause, the facts of which were somewhat interwoven with the facts said to be involved in this case, and that he had a good deal of state business to attend to in Judge Kellog's court." The court granted this application, and appointed C. C. Parsons special district attorney to prosecute the case under consideration. Section 1058, General Statutes of 1883, referring to district attorneys, provides as follows: "If the district attorney be interested, or shall have been employed as counsel in any case which it shall be his duty to prosecute or defend, the court having criminal jurisdiction may appoint some other person to prosecute or defend the cause." And section 1059 provides that, "if he be sick or absent, such court shall appoint some person to discharge the duties of the office until the proper officer resume the discharge of his duties."

Messrs. TAYLOR and ASHTON and BISSELL and GUNNELL, for plaintiff in error.

ALVIN MARSH, Attorney-General, for defendant in error.

PER CURIAM. 1. While the grounds upon which the district attorney asked to be excused from prosecuting this case are not very fully stated, there is sufficient, we think, to indicate that a statutory ground existed. It is evident that he regarded, and that the court below regarded, his retainer in the other case as a disqualifying fact. So far as the grounds for the action of the court in this respect are disclosed, they do not contradict, but strengthen, the presumption that is always indulged in favor of the action of the trial court. Even if this were not the case, we are not prepared to say that a *nisi prius* court may not make such an appointment for good and sufficient reasons other than those specified in the statute.

2. A motion to compel a prosecutor to elect upon which count in an indictment he will proceed, when such in-

dictment contains more than one count, each charging a felony, is a matter addressed to the discretion of the trial court. A court of review will not interfere, except, perhaps, where such discretion has been abused. 1 Bish. Crim. Proc. § 454; 1 Whart. Crim. Law, § 423.

3. We see no good reason why witnesses who have handled and become familiar with the ore taken from a certain mine may not testify in reference to the same for the purpose of identifying it, in the same manner and to the same extent as they are allowed to testify as to the identity of other personal property. The extent to which such evidence would be satisfactory and reliable would depend upon the existence of marked characteristics, rendering it easy of identification. Absence of such characteristics would go to the value of the testimony, not to its admissibility.

4. The evidence in the record before us relates chiefly to the charge of larceny contained in the first count of the indictment. It is upon this count the conviction of the prisoner must be sustained, if at all. The chief contention by counsel for the defendant in error is that the evidence does not show the *corpus delicti*. While direct evidence of the *corpus delicti* is always desirable, it should not be held indispensable. To so hold would, in many cases, give immunity to crime, especially in the class of cases to which this belongs. There is some conflict of authority; but we regard this as the better doctrine. If, however, circumstantial evidence is relied upon for this purpose, it should be such as to exclude all reasonable doubt. 1 Bish. Crim. Proc. § 1071, and cases cited. In the case at bar we have to deal with the admission of the prisoner. The general rule is that extrajudicial confessions of a prisoner are not sufficient to warrant a conviction without proof *aliunde* of the *corpus delicti;* or, as it is sometimes stated, the prisoner's confession of the crime must be corroborated by other and independent evidence. Id.; Whart. Crim. Ev. § 632. We are of the

opinion that there is sufficient evidence to show a larceny of ores from the Forest City mine. Whether the larceny was committed by the prisoner is an entirely distinct question for independent consideration. It is in evidence that the defendant Roberts was in the employ of the owners of the Forest City mine as shift boss; that one Barnes, Burnett, and Charles Roberts, a brother of the prisoner, were also in the employ of the same company, working under the prisoner in the mine; that Barnes introduced the prisoner to the assayer, Purce, as one who had ores to sell about whom he had theretofore spoken to Purce; that an arrangement was then and there entered into between the prisoner and the assayer, by which the one was to supply certain ores, and the other was to extract the silver, and market the same, for a percentage agreed upon; that these arrangements were made secretly, at night, with pledges of square dealing, and with precautions against their conversation being overheard; that the ores were, a few days afterwards, delivered by the prisoner in a gunny sack at the office of the assayer at night, with precautions and admissions showing that it was a felonious transaction; that the ores were reduced during the night by Purce and the witness Seyler; that they proved very rich; that, when reduced to a bar, they were marketed by Purce, and the proceeds divided with the prisoner, according to agreement; that the prisoner, when he learned that he and Barnes and others had been indicted, advised Purce to leave the country; that samples of these ores were subsequently identified as ores from the Forest City mine by a number of witnesses familiar with and long accustomed to handle ores from that mine. This is but a summary of the evidence. There is much detail, which goes to show that the prisoner, together with Barnes, Burnett, and his brother, Charles Roberts, were engaged in the execution of a common design and plan to steal and sell ores from the Forest City mine, in the working of which they were

employed. There can be no reasonable doubt that the ores delivered by the prisoner were stolen. There is equally no reasonable doubt that they came from the Forest City mine. The prisoner said they came from that mine, and he is corroborated by the identification of the ores as from that mine, and, the ores being stolen, by the inherent probabilities of the case, arising from his connection with and access to the mine. Whether the larceny was committed by the prisoner or not, as we have said, is a distinct question. There is no direct evidence that the prisoner committed the larceny. No one saw him take the ores. Being small in bulk, and capable of easy concealment as soon as mined, in the nature of the case they would not be missed. The admission of the prisoner was to the effect that the ores had been given to him by Barnes, Burnett, and others employed in the Forest City mine. While the entire confession of a prisoner must be received, it is for the jury to say whether exculpatory facts contained in his confession are true. Whart. Crim. Ev. § 688. The admission of which we are speaking was made after the prisoner and his alleged conspirators were indicted, when he was expecting to be arrested, and the claim that the ores were given him by Barnes and the others was well open to suspicion. The jury were at liberty to reject it, if, upon all the evidence, they believed beyond a reasonable doubt that the prisoner was guilty of the larceny. There was evidence tending strongly to show that the prisoner, Barnes, and others were engaged in the execution of a common plan to steal and sell from the ores they were engaged in mining. If so, there was co-responsibility; the act of the one was the act of the other, and each was equally guilty of the larceny. 1 Whart. Crim. Law, § 702. In this view, if the credibility of the witness be conceded, the perusal of the evidence leaves no reasonable doubt of the prisoner's guilt. If circumstantial evidence is to be relied upon at all in criminal cases, the finding of the

jury in this case is not to be set aside as unwarranted. This proceeds upon the proposition that the witnesses for the prosecution, especially the witness Purce, are to be believed. The jury are the judges of the credibility of the witnesses, and, for obvious reasons, the best judges. The witness Purce was an accomplice. As a matter of theory, one charged with crime may be convicted upon the evidence of an accomplice alone. As a matter of practice, courts caution juries against reliance upon the testimony of accomplices, unless corroborated by independent evidence. Whart. Crim. Ev. § 441. The witness Purce is corroborated as to the prisoner visiting his assay office in the evening, at different times, once in company with Barnes, when they were in the back office, where the furnace was; as to his going along the street with a bundle under his arm, wrapped up in a newspaper, on the evening of the 10th of September; as to the contemporaneous reduction of Forest City ores in his shop at night, and their subsequent shipment to Denver; and as to the several meetings he had with the prisoner and others. The jury were the judges of his credibility. The court instructed them fully as to the caution they should exercise before relying upon the testimony of an accomplice. They evidently gave credit to his story, as detailed upon the witness stand, and we see no ground for saying they should not have done so.

5. We do not notice the instructions in detail. We have carefully examined them, and find nothing of which the prisoner is entitled to complain. In our opinion they inform the jury fairly and fully as to the law applicable to the facts. These are all the errors regarded as demanding notice.

The judgment of the court below must be affirmed.

*Affirmed.*