## No. 12,334.

### BUNCH *v.* THE PEOPLE.
(285 Pac. 766)

Decided January 20, 1930.   Rehearing denied March 10, 1930.

Messrs. QUAINTANCE & QUAINTANCE, Mr. GUY B. ELLER-MEIER, for plaintiff in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as defendant, was sentenced to the state penitentiary for a term of fifteen to eighteen years on a verdict of guilty of aggravated robbery. To review that judgment he prosecutes this writ. The only assignments argued are: (1) The insufficiency of the evidence; (2) the giving of instruction No. 4.

1. The charge was the taking by force and violence "of six hundred dollars * * * from the person and against the will of the said George Auer." It is not contended that defendant was the principal, but that he and two others, convicted with him, were accessories who first conspired with the actual perpetrator, one "Slim," and were present when the latter assaulted his victim. It is said that the only direct evidence concerning the taking is the following from the examination of the complaining witness Auer, and is negative: "Q. How much money did you have in your pocket? A. Around six hundred dollars. Q. Was it in bills or silver? A. I had five one-hundred dollar bills and three twenty-dollar bills and three ten-dollar bills and I had some change in a little pocketbook, that I kept in my pants pocket—five or six, or $6.50 there. Q. Was that money taken from you after you were struck on the head? A. No, sir. My sister took it to pay doctor bills."

It is assumed, in making this argument, that in the foregoing testimony the expression "that money" in the last question, and the word "it," in the last answer, refer to all of the money which the witness had. But if the dash, appearing in the reporter's transcript after the words "pants pocket," indicates a marked pause in the testimony of the witness (as is probable, since the record discloses that the witness was examined "reclining upon a stretcher"), and if the word "that," in the next ques-

tion, and the word "it," in the last answer, were emphasized by the prosecutor and the witness respectively, it would then clearly appear that the witness intended to say, and the jurors understood, that the money taken by the sister to pay doctor bills was the $6.50 last referred to. If this testimony is subject to two constructions we must assume that the jury which returned the verdict, and the judge who denied the motion for a new trial, adopted that which supports the verdict, and that it was the right one. The correctness of their conclusion is evidenced by the fact that Aldrich, a codefendant, stated: "He ['Slim'] told me he got the money." That Shaw, another defendant, stated that "Slim" offered to split the money with him, and that this defendant, who left the garage where the robbery occurred as soon as the attack was made by "Slim," and returned just as the latter was leaving, admitted that "Slim" said as they passed, "I've got it; and I will shoot square with you fellows." It would thus appear that defendant's contention that the taking is denied, is unsupported, and that, on the contrary, it was admitted by the principal at such time and under such circumstances as to make that admission a part of the res gestae. *Sullivan v. State,* 58 Neb. 796, 79 N. W. 721. Nevertheless, says defendant, the only proof of the taking is by the extrajudicial confession of the principal, which, under the established rule, must be corroborated. *Roberts v. People,* 11 Colo. 213, 216, 17 Pac. 637.

 ██ Admitting the rule, and for the purposes of this discussion its applicability, we observe that proof of the corpus delicti may be made by circumstantial evidence. *Ausmus v. People,* 47 Colo. 167, 107 Pac. 204, 19 Ann. Cas. 491; *Bines v. State,* 118 Ga. 320, 45 S. E. 376, 68 L. R. A. 33 (Notes); Elliott on Evidence, Vol. 4, §2708; *Lowe v. People,* 76 Colo. 603, 234 Pac. 169. And that the rule requiring corroboration of a confession is met if the additional evidence is sufficient to convince the jury that the crime charged is real and not imaginary. Wigmore

on Evidence (2d Ed.), Vol. 4, §2071; *Heard v. State,* 59 Miss. 545; *Sullivan v. State,* 58 Neb. 796, 79 N. W. 721.

■ No man can read this record without being convinced that approximately $600 was taken from the person of Auer by his assailant. Were it otherwise this assignment could not be sustained because at the close of the people's case this defendant moved for a directed verdict on the grounds of the insufficiency of the evidence. That motion was overruled and it appears that thereafter evidence was offered in behalf of defendant, which evidence is not abstracted. Under such circumstances, if there were a defect in this respect in the case of the people, which defendant's own evidence supplied, the error would be cured, and so far as we are advised by this record, defendant may have testified in his own behalf and admitted his guilt.

■ 2. That part of instruction No. 4, to which objection is made, defines a conspiracy to commit a crime, advises the jurors that the consummation of the purpose is not essential thereto, that the participants therein are punishable "as provided by law," and that, in such a case, the act of one of the conspirators, in furtherance of the common design, is regarded as the act of all. §6810, C. L. 1921. The objection urged to this instruction is that it authorizes the jury to find the defendant guilty of such conspiracy. That construction of it is erroneous. The jurors are merely told that if this defendant was a party thereto he was responsible for every act of his associates in furtherance of it, and if, as a result thereof, the aggravated robbery charged was committed by any one of the defendants, his associates were responsible whether they actively participated or not. Were all this not true, still the assignment would not be good, because this defendant was not found guilty of the conspiracy, although the evidence clearly proves that crime. He was found guilty of aggravated robbery, which was the crime charged; hence the error, if any, could not prejudice him.

Mr. Justice Moore, now of this court, was the trial

judge. He participates herein by request of both the people and the defendant.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.