No. 14,688.

Monchego v. The People.
(99 P. [2d] 193)

Decided February 5, 1940.

Mr. JOHN B. BARNARD, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. GERALD E. MCAULIFFE, Assistant, for the people.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error was convicted of the crime of statutory rape, and seeks reversal on an application for supersedeas.

The seven assignments of error may be comprehended in three assertions: 1. That a letter—People's Exhibit 1 —written by defendant to the prosecutrix was improperly admitted in evidence; 2. that error was committed by the court in permitting the district attorney to reopen his case after announcing that the people rested, for the purpose of introducing evidence to show that defendant was over eighteen years of age; 3. that the evidence was insufficient to support the verdict.

The information charged that the offense was committed May 29, 1937. The girl gave birth to a child February 15, 1938.

1. Defendant admitted writing the letter, exhibit 1, which bears date of January 6, 1936. It was couched in the most intimate terms, and reads, in part, as follows: "* * * You know what I promise you a short

time from now. * * * Some day you will be my partnership for the rest of my life." The victim of the offense says she did not receive this letter until in January, 1937, but since defendant admits keeping company with her in 1936, the same inferences would be drawn from its contents, whether written in 1936 or 1937; therefore, the question is whether January, 1937, is too remote in time from May 29, 1937, to render the letter inadmissible. It was clearly admissible as showing their relations, and since it was written in the period during which they were closely associated, it was not too remote in point of time. The cases upon which counsel for defendant relies are not particularly helpful, because they do not sustain his contention as to remoteness. The note in 52 C. J. 1061, in which the cases mentioned by him are cited, also refers to two cases: One where the confession of accused sought to be introduced was made more than two years after the commission of the offense charged (*State v. Lawrence*, 74 O. St. 38, 77 N. E. 266, 6 Ann. Cas. 888), and in the other the statement was made five years before (*Tomlin v. State*, 25 Tex. App. 676, 8 S. W. 931). In both these cases the statements were held to be inadmissible. But under the same subject in C. J. at page 1059, n. 42, a Texas case (*Warren v. State*, 96 Tex. Cr. 627, 259 S. W. 575) is cited, which holds that a remark of defendant made a year or more before the commission of the offense charged was admissible. No court can say positively that the time element alone in these situations is controlling. It should be noted, too, that in the case upon which counsel principally relies, *State v. Campbell*, 210 Mo. 202, 109 S. W. 706, the Supreme Court of Missouri ruled that evidence of "an impudent and uncalled for remark," while "it ought not to be admitted," under the circumstances did not prejudice defendant, and its admission was not reversible error.

Remoteness as to time does not seem to be a test of admissibility, if the questioned document is otherwise

competent. Wharton's Criminal Evidence (11th ed.) vol. 2, §802.

■ 2. As to the court's permitting the district attorney to reopen the people's case for the purpose of showing the age of the defendant, we think the permission was properly granted. Failure to introduce the evidence in the first instance clearly was an inadvertent oversight on the part of the prosecution, and the court's action was well within its discretion.

■ 3. As to the sufficiency of the evidence to establish sexual intercourse, suffice it to say that a child was born to the prosecutrix, and as to the remainder of the evidence, our examination of the record satisfies us that it sustains the verdict.

We think the defendant had a fair trial.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.