## No. 17,298.

### Martinez et al. *v.* The People.
(267 P. [2d] 654)

Decided February 23, 1954.

Mr. Robert Sunshine, Mr. H. D. Reed, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, Mr. Norman H. Comstock, Assistant, for the people.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

IN this opinion we will refer to plaintiffs in error as defendants or by name. An information comprising two counts was filed in the district court against them, in which it was charged that they committed the crime of burglary, and that they entered into a conspiracy to commit that offense. On arraignment they entered pleas of not guilty. Upon the trial, no witnesses were called on behalf of defendants. The court directed a verdict of not guilty upon the burglary count and submitted the case to the jury upon the conspiracy count. The jury returned a single verdict by which defendants were found guilty. Judgment was entered and sentence to the reformatory was imposed upon each defendant. Seeking a reversal of that judgment they bring the case to this court by writ of error.

The pertinent facts are as follows: At about fifteen minutes past midnight June 9, 1953, a police officer went to a liquor store at 2621 West Colfax avenue in Denver. He checked the rear of the building, where he was joined by another officer. They went around to the side of the building where they saw two persons. One of the persons, Ernest Martinez, was using a bar to break a hole through the brick wall into the liquor store, and the other, subsequently identified as Gilbert Martinez, was four or five feet distant from the one working on the wall and was facing toward the street, acting as a lookout. When the officers were discovered Gilbert ran, and although one of the officers gave chase he evaded capture by hiding in a creek; however in making his escape he cut his hand. He returned to his home later in the morning where he was arrested; his clothes were wet from his stay in the creek. The officers learned of his stay in the water and the cut hand from statements made by him following his arrest. Ernest was arrested

on the spot. The hole which was being made through the wall was not completed when the unexpected appearance of the officers stopped the activity in which defendants were unquestionably engaged. In the presence of each other, following their arrest, defendants admitted that they planned to break into the store to get a "couple of bottles" of liquor.

Five assignments of error are urged by defendants as grounds for reversal, as follows: 1. The prosecution failed to present sufficient evidence to establish the crime of conspiracy. 2. The court erred in admitting in evidence the confessions of defendants made in the presence of each other, "without sufficient independent evidence to establish the *corpus delicti* of the crime of conspiracy." 3. The court erred in refusing to give to the jury a separate form of verdict for each defendant. 4. The court erred in permitting the people to reopen the case after having rested, in order to offer evidence to prove that the confessions of defendants were voluntary. 5. The trial court erred in permitting detective Miller to testify, for the reason that all witnesses except him had been excluded from the courtroom, while he was permitted to remain at the counsel table as advisor to the District Attorney.

With reference to assignments 4 and 5 above stated, it is sufficient to say that, in the matters of which complaint is made, the trial court had discretion. It is very clear that no abuse of that discretion was established. *Monchego v. People,* 105 Colo. 486, 99 P. (2d) 193; *Warren v. People,* 121 Colo. 118, 213 P. (2d) 381.

Questions to be Determined.

First: *Was there sufficient evidence introduced upon the trial to establish the "corpus delicti" of the crime of conspiracy to that degree necessary before the confessions of the defendants could be received in evidence?*

This question is answered in the affirmative. In effect, the argument of counsel for defendants is that, it is

essential that the corpus delicti should be established fully and completely by evidence independent of the confessions before the latter could properly be received in evidence. Although a confession alone is not sufficient to establish the fact that a crime has been committed, it may be competent evidence of that fact. Where, as in the instant case, there is a wealth of corroborative circumstances, the confessions may be considered with such circumstances to establish the corpus delicti of the crime. In *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447, our court said, inter alia:

"Proof of the corpus delicti may be by circumstantial evidence. Where defendant has confessed commission of the crime, the confession may be considered in connection with other evidence to establish the corpus delicti and it is sufficient if it is corroborated by other evidence. *State v. DeHart,* 242 Wis. 562, 8 N.W. (2d) 360; *Phillips v. State* (Miss.), 16 So. (2d) 630.

" 'While a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is, nevertheless, competent evidence of that fact, and may, with slight corroborative circumstances, establish the corpus delicti as well as the defendant's guilty participation.' *Sullivan v. State,* 58 Nebr. 796, 79 N.W. 721.

" 'The rule requiring corroboration of a confession is met if the additional evidence is sufficient to convince the jury that the crime charged is real and not imaginary.' *Bunch v. People,* 87 Colo. 84, 285 Pac. 766. See, also, *Short v. People,* 27 Colo. 175, 60 Pac. 350; 7 Wigmore on Evidence (3d ed.), §§2070, 2071."

The applicability of the above-quoted language to the facts of this case is crystal clear.

■ Second: *Did the trial court err in submitting but one form of verdict under which defendants were to be found jointly guilty or not guilty?*

This question is answered in the negative. In the second count of the information it was alleged in part that defendants, "did * * * cooperate with each other and

with some person or persons to the District Attorney unknown, to do and to aid in the doing by them * * * an unlawful act * * *."

The evidence disclosed no participation by any person or persons other than the two defendants. The forms of verdict to be submitted in any case must be governed by the evidence. There was no evidence from which the jury could properly·have found that any person, other than defendants, had entered into a conspiracy to commit the offense in question. Since it requires more than one person to commit the crime of conspiracy, under the pertinent facts of this case the conviction of one defendant could not properly be had without the conviction of the other, and the aquittal of one would necessarily mean that the other likewise should be acquitted. In the instant case the court properly submitted a joint verdict to the jury under the evidence, where only the two named defendants were in any manner implicated.

The judgment is affirmed.