No. 20,298.

LLOYD DEAN MEREDITH *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(380 P. [2d] 227)

Decided April 1, 1963.

Mr. JACK K. AGEE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN E. BUSH, Assistant, for
defendant in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

PLAINTIFF in error, to whom we shall refer as the defendant or Meredith, was charged with contributing to the delinquency of a five-year-old boy by engaging in unnatural sex acts with the boy.

The defendant entered a plea of not guilty and was tried without a jury, found guilty, and was sentenced to serve one year in the county jail and to pay a fine of $1,000.00.

He is here by writ of error seeking reversal.

The people called only three witnesses, all law enforcement officers. They had questioned Meredith for four or five hours and testified as to admissions of the defendant which strongly tended to prove his guilt.

These same officers had also asked defendant if he would give a written statement. He said he would and a statement was prepared. Whether defendant signed the statement does not appear from the record, though the district attorney used the statement in cross-examining the defendant.

The trial court, in summation of the testimony, had this to say:

" * * * His subsequent admissions testified to by three different officers, at three different occasions, followed by a written statement, *which, of course, was not put in evidence,* certainly confirms the fact that there was at sometime a type of molestation * * * ." (Emphasis supplied.)

To what, if any, extent the trial court was influenced by this written statement cannot be determined from the record.

At the close of the people's case Meredith moved "that the case be dismissed with a directed verdict in favor of the defendant * * * ." After argument the trial judge stated, "I deny the motion for a directed verdict."

█ Clearly this was error, for there was no evidence that a crime had been committed other than the admissions or confession of the defendant. The law is well settled, and the attorney general admits, that extrajudicial confession without corroboration is not sufficient to sustain a conviction.

█ See *Roberts v. People,* 11 Colo. 213, 17 Pac. 637, where it is said:

" * * * In the case at bar we have to deal with the admission of the prisoner. The general rule is that extrajudicial confessions of a prisoner are not sufficient to warrant a conviction without proof *aliunde* of the *corpus delicti;* or, as it is sometimes stated, the prisoner's confession of the crime must be corroborated by other and independent evidence. * * * ."

Also, *Downey v. People,* 121 Colo. 307, 215 P. (2d) 892, where it is said:

"It is true that a conviction of crime cannot be upheld where it is based upon the uncorroborated confession of the person accused. There must be evidence of the corpus delicti apart from the statements contained in the confession. * * * ."

See, also, *Hampton v. People,* 146 Colo. 570, 362 P. (2d) 864.

After denial of the motion to dismiss, defendant took the witness stand and testified in his own behalf, and denied most of the testimony of the officers and denied doing the acts with which he was charged.

█ The attorney general contends that defendant's testimony furnished the necessary corroboration. The alleged corroboration consists of two items: (1) The defendant on cross-examination did not deny that when arrested he neither admitted nor denied the commission of the alleged acts; (2) He admitted that he and the boy were together and thus there was opportunity to commit the acts.

We find no corroboration in these items. They add nothing to the admissions or confession. The defendant

was under no obligation to say anything. Failing to admit or deny is nothing; it cannot be said to corroborate anything. The fact that the defendant had an opportunity to commit an offense is no proof that he did that of which complaint was made.

The attorney general urges that *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447, sanctions corroboration of this type as being adequate to take the case out of the general rule. We hold to the contrary. There, this court, in a four to three decision, held that the amount of corroboration need not be great. Here, we have none.

The judgment is reversed and the cause remanded with directions to discharge the defendant.

MR. CHIEF JUSTICE FRANTZ and Mr. JUSTICE McWILLIAMS concur.