No. 20623.

NATHAN WENDLE OWEN *v*. THE PEOPLE OF THE STATE OF COLORADO.

(392 P.2d 163)

Decided May 18, 1964.

Mr. WILLIAM L. RICE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mrs. AUREL M. KELLY, Special Assist-
ant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

AN information in three counts was filed in the district
court of Larimer County against the plaintiff in error,
hereinafter referred to as defendant, in which it was
alleged that on January 10, 1961, he committed the
crimes of statutory rape, incest, and taking indecent
liberties with the person of a child under the age of
sixteen years. The three charges involve the same child
and a single incident. The defendant entered a plea of
not guilty, waived a jury trial, was found guilty on all
three counts by the court, and was sentenced to terms
in the penitentiary which were to run concurrently.

As grounds for reversal of the judgments it is argued,
inter alia, that there was no evidence presented upon
the trial that any of the crimes alleged to have been
committed by the defendant in fact occurred, except the
statements and confession of the defendant with regard
thereto, and that said statements and confession were
not in any particular whatever corroborated by any other
evidence admitted upon the trial.

The pertinent time table of events is as follows:

Date of alleged crimes, January 10, 1961.

Date of oral confession, February 2, 1962.

Date of written confession, February 3, 1962.

Information filed, February 6, 1962.

On May 28, 1961, Jerra Lee Owen, the fifteen-year-old

daughter of the defendant, was found dead in her bed in the home of the defendant. She had been raped and beaten. The testimony established the cause of death to be cerebral hemorrhage and shock inflicted by some person who committed the rape. The evidence was that she died at approximately 1:30 A.M., May 28, 1961. The deceased child is the same person named as the victim in the information in this case.

The record before us does not disclose what happened in the way of investigation by the authorities immediately following the discovery of the body of the said child.

In October 1961 a change in the administration of the local police department took place, and a new investigation of the homicide was undertaken. The defendant submitted to three separate polygraph tests conducted by the Denver police department pursuant to the request of Larimer county investigating officers. During the period of time covered by these tests the defendant was informed by the examiners that they were getting "reactions" which indicated he was not telling the whole truth and that they could not clear him of the murder unless he could explain those reactions. Thereupon the defendant made a statement that on three different occasions he had sexual intercourse with his daughter (the deceased), the last of which took place in January 1961. The statement first made orally was thereafter reduced to writing and signed by the defendant. The information in this case was thereupon filed and was based entirely upon the statement of the defendant that the last act took place in January 1961.

No evidence other than the confession was offered to prove that any crime was committed as alleged in the information.

■■ It has long been well established law that an extrajudicial confession without corroboration is not sufficient to sustain a conviction of crime. The most recent pronouncement of this court on this subject will

be found in *Meredith v. People,* 152 Colo. 69, 380 P.2d 227. In that opinion we quoted with approval from *Downey v. People,* 121 Colo. 307, 215 P.2d 892, the following:

"It is true that a conviction of crime cannot be upheld where it is based upon the uncorroborated confession of the person accused. There must be evidence of the corpus delicti apart from the statements contained in the confession."

Reference to numerous other decisions would unnecessarily lengthen this opinion. In the case at bar the only evidence tending to establish the commission of any crime charged in the information is the confession of the accused. This is not sufficient.

The judgment is reversed and the cause remanded with directions to dismiss the action and discharge the defendant from custody.