No. 22744.

RAYMOND ANDREW NEIGHBORS *v.* THE PEOPLE OF THE STATE OF COLORADO.

(451 P.2d 264)

Decided March 3, 1969.

B. J. O'LEARY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

NEIGHBORS was convicted by a jury of the crimes of burglary first degree and larceny of two rifles of a value of $85. As a result of these two related convictions he was then sentenced to separate terms in the state penitentiary, the terms however to be served concurrently. By this writ of error Neighbors now seeks reversal of the judgment and sentence thus entered.

In support of his contention that his conviction should be reversed Neighbors argues that the evidence is legally insufficient to support the verdict of the jury and that for a variety of reasons his confession was improperly admitted into evidence. Let us examine briefly the evidence adduced by the People upon trial.

The Carneys and Neighbors lived in the same apartment house, the Carneys residing in an upstairs apartment and Neighbors in a downstairs basement unit. Upon trial Mrs. Carney testified that the two rifles "disappeared" from their apartment on or about Thanksgiving Day, 1965. She stated that no one had permission to remove the rifles from the Carney apartment and though she freely admitted that Neighbors on occasion had been a guest in the Carney apartment, she testified that he had not been a guest in their apartment during the Thanksgiving Day holiday when the aforementioned rifles disappeared. There was evidence that the two rifles — which Mrs. Carney identified upon trial as being the rifles which disappeared from their apartment — were delivered by Neighbors a few days after Thanksgiving Day to the owner of a nearby bar, and that Neighbors later returned to this particular bar and stated to the bartender then on duty that "there were two guns in the office that were his, that he was trying to sell them, and he wanted to know if I had time to get them because he wanted to sell them."

It was at about this juncture that the Colorado Springs police moved into the case. Upon trial two police officers testified that they interrogated Neighbors about the missing rifles and that Neighbors thereupon gave the police a written statement wherein he confessed stealing the two guns here in question. Specifically, in that statement Neighbors states that on the Friday immediately after Thanksgiving Day at about two o'clock in the afternoon he saw the Carneys leave their apartment, and he then went over and "tried their back door." This door was unlocked, according to Neighbors, and he then went

inside the Carney apartment "looking for something to take so I could pawn it." Neighbors went on to state that he found two guns in a closet and that he "took the guns out with me and took them to my place."

The foregoing is believed to be a fair summary of the incriminating evidence offered by the People upon trial of this matter. Neighbors offered no evidence in his own behalf and — deciding to exercise one of his constitutional rights — he elected not to testify.

In our view the evidence is legally sufficient to support the verdict of the jury. And this would be true even if there had been no confession introduced into evidence. In other words, the testimony of Mrs. Carney and that of the bartender was sufficient to require submission of the case to the jury as to both counts of the information. But when the confession is thrown onto the scales, it should become doubly apparent that the evidence is amply sufficient to sustain the verdicts of the jury.

As indicated, the reception into evidence of the confession is attacked on several grounds. First, it is said the confession should have been excluded for the reason that there was no independent proof of the corpus delicti. It is true that we have held that a voluntary confession, standing alone, is insufficient to prove that a crime has been committed and that a confession of an accused must be corroborated by "other and independent evidence." *Williams v. People*, 114 Colo. 207, 158 P.2d 447 and *Roberts v. People*, 11 Colo. 213, 17 P. 637. However, we have also held that this requirement of other and independent evidence "need only be slight" and is met if the additional evidence is sufficient to convince the jury that the crime is real and not imaginary. *Hampton v. People*, 146 Colo. 570, 362 P.2d 864. In the instant case, there is much "other and independent evidence" to the end that the corpus delicti was clearly established by evidence other than, and entirely independent from, the

confession and hence it was not error for the trial court to admit into evidence Neighbor's confession.

■ Secondly, it is claimed that the confession should have been excluded under the rule announced in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. Neighbors was advised of his right to remain silent and of his right to counsel and in connection therewith there is nothing to indicate that Neighbors evidenced any desire to confer with counsel. Suffice it to say, our study of the record convinces us that the *Escobedo* rule has no application to the instant case.

■ Thirdly, it is claimed that the confession should have been excluded under the rule announced in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. It is true that in the instant case the police officers did not warn Neighbors in the precise form delineated in *Miranda*. For example, though Neighbors was advised of his right to counsel, he was not apprised of his right to counsel at state expense, if he be indigent. However, in this regard it should be noted that Neighbors was tried on May 11, 1966 and verdicts of guilty were returned by the jury on that same day. The *Miranda* decision was announced on June 13, 1966. And in *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, the United States Supreme Court held that the guidelines laid down in *Miranda* are "available only to persons whose trials had not begun as of June 13, 1966." Stated differently, *Miranda* does not apply retroactively, but applies only to cases in which the trial began after the date of the *Miranda* announcement. *Jordan v. People*, 161 Colo. 60, 419 P.2d 656. *Miranda*, therefore, does *not* apply to the instant controversy.

The judgment is affirmed.

Mr. Justice Pringle and Mr. Justice Hodges concur.