*436 Opinion by
MR. JUSTICE LEE.
Defendant-appellant, Mylin Gene Sorber, was convicted by a jury of entering without breaking a motor vehicle with intent to commit theft, and stealing therefrom, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-10(2). We affirm the conviction.
The motor vehicle involved was a 1964 Chevrolet and the item of property stolen was the carburetor. The vehicle was located on the used car lot of Garrett Motors in Loveland, Colorado. The defendant Sorber admitted that shortly after 1 a.m. on May 2, 1970, he and a friend, Gregory Neisner, drove to the Garrett used car lot in Neisner’s automobile (which was also a 1964 Chevrolet) with the avowed purpose of stealing two racing mirrors. After accomplishing this theft, they proceeded to the rear of the car lot where the Garrett 1964 Chevrolet was located. There, they raised the hood of the Chevrolet and inspected the motor. Neisner stated he would like to have the carburetor. He then obtained a wrench and flashlight from his automobile and returned to the Garrett vehicle. While Neisner held the flashlight, Sorber unbolted the carburetor and removed it from the vehicle. Shortly thereafter, defendant was captured fleeing from the scene. Neisner was apprehended later in the day.
Neisner was charged jointly with Sorber. However, he pled guilty and testified for the People in Sorber’s trial. He also testified as a defense witness for Sorber.
I.
Sorber first contends the trial court erred in not granting his motions for acquittal on the ground of insufficiency of the evidence. It is specifically argued that the element of specific intent to commit theft must coincide with the entry into the vehicle and that this was not established by the evidence. The trial court correctly instructed the jury that the defendant must have had the intent to commit the theft at the very time of entering the vehicle. Both Neisner and Sorber testified that when they first raised the hood of the Chevrolet they had no intent to steal but were merely *437 inspecting the motor; and that it was not until after the entry that they determined to take the carburetor.
It is fundamental that the credibility of the witnesses is for the jury, which may accept or reject all or any part of a witness’ testimony. Maisel v. People, 166 Colo. 161, 442 P.2d 399. Here, the jury rejected defense witness’ version of Sorber’s claimed innocence. From the admitted entry into the vehicle, and the subsequent theft of the carburetor therefrom, the jury could properly infer that the specific intent existed at the time of the entry. Keller v. People, 153 Colo. 590, 387 P.2d 421. Furthermore, we note that the undisputed testimony of both witnesses was that after the initial so-called inspection of the motor a second entry was made into the vehicle with tool in hand for the specific purpose of stealing the carburetor. In either view of the evidence, the court’s denial of the motions for acquittal was eminently correct. The evidence amply supported the verdict of the jury.
II.
Sorber’s second ground for reversal is based on the trial court’s denial of his motion to recall the witness Neisner after the trial had been concluded. As previously noted, Neisner testified initially for the People and then for the defense. The offer of proof related to the subject of Neisner’s obtaining the flashlight and the wrench from his car after the initial entry into the Garrett Chevrolet. The court, in denying the motion to reopen the trial, found that the offered testimony had been covered by previous testimony and, in effect, was repetitive and cumulative. Counsel concedes the reopening of a trial lies in the sound discretion of the court. He has demonstrated no abuse of discretion here which would justify a reversal. Martinez v. People, 129 Colo. 94, 267 P.2d 654; Monchego v. People, 105 Colo. 486, 99 P.2d 193.
The judgment is affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.