## No. 25273

### The People of the State of Colorado v. Thomas Maestas
(508 P.2d 782)

Decided April 2, 1973.

Robert L. Russel, District Attorney, Peter M. Susemihl, Deputy, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

Opinion by MR. JUSTICE GROVES.

The defendant was convicted of the offense of theft by receiving, (*i.e.*, receiving stolen property, knowing it to be stolen) in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. We reverse.

The owner of a mink coat testified at the trial that, on December 13, 1970, her husband had placed the coat in a cloakroom at the Broadmoor Hotel in Colorado Springs; that the coat was later missing from the room; and that, at a later date, the coat was returned to her by the sheriff's department. A police officer testified that on January 1, 1971, he received the mink coat "from a party at Stratton Meadows." Immediately thereafter a warrant for defendant's arrest was obtained. A deputy of the El Paso County Sheriff's Office testified as to the content of statements made to him by the defendant after his arrest on January 2, 1971. The essence of his statement was that, on December 23, 1970, the defendant, knowing that the coat was "not clean," purchased a mink coat from a man and a woman at a bar in Colorado Springs.

At the close of the People's case, the defendant's counsel moved for a judgment of acquittal on the ground that there was a complete lack of proof — independent of the defendant's statements to the deputy sheriff — of all of the necessary elements of the offense of theft by receiving. The trial court denied the motion.

It is long established law in Colorado that an accused's extra-judicial confession or statement is not sufficient to sustain a conviction without proof of the *corpus delicti* independent of the statement or confession. *Neighbors v. People,* 168 Colo. 319, 451 P.2d 264 (1969); *Owen v. People,* 155 Colo. 19, 392 P.2d 163 (1964); *Meredith v. People,* 152 Colo. 69, 380 P.2d 227 (1963); *Martinez v. People,* 129 Colo. 94, 267 P.2d 654 (1954); and *Downey v. People,* 121 Colo. 307, 215 P.2d 892 (1950). The only

independent evidence presented by the People here was that a mink coat had been stolen and that the coat was later returned to the police by some unidentified person. There was a complete lack of independent evidence to show that anyone obtained control over the stolen mink coat, knowing it to have been stolen by another. Under these circumstances, the trial court erred in failing to grant the defendant's motion for judgment of acquittal.

The judgment is reversed and the cause remanded with directions to enter judgment of acquittal.

MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.