**No. 25270**

**The People of the State of Colorado v. George Applegate**
(509 P.2d 1238)

Decided April 30, 1973.                    Opinion modified May 21, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, Lee Belstock, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

The sole issue presented on this appeal is whether the People proved — independent of defendant Applegate's confession — the *corpus delicti* on a charge of forgery. The record shows that the sole evidence offered by the People was through the testimony of two witnesses. One was a service station owner who identified the defendant as the person who had endorsed what appeared to be a pay roll check, and that it had been returned by the bank. The check was introduced into evidence with no stamps or notations on it. The other witness was a police officer who told of statements made to him by the defendant.

It has long been the rule in Colorado that confessions or admissions without independent proof of the *corpus delicti* are not sufficient basis to warrant a conviction. *People v. Maestas,* 180 Colo. 181, 508 P.2d 782; *Neighbors v. People,* 168 Colo. 319, 451 P.2d 264; *Gould v. People,* 167 Colo. 113, 445 P.2d 580. The rule has been stated in varying terminology which lends itself to some confusion, *i.e.,* "* * * it is sometimes stated, the prisoner's confession of the crime must be corroborated by other and independent evidence." *Roberts v. People,* 11 Colo. 213, 17 P. 637. Nevertheless, we find from the cases that, read in their entirety, no decision of the court has deviated from the necessity to show "some real and not imaginary" independent evidence of the *corpus delicti. See Martin v. People,* 179 Colo. 237, 499 P.2d 606; *Owen v. People,* 155 Colo. 19, 392 P.2d 163; *Meredith v. People,* 152 Colo. 69, 380 P.2d 227; *Williams v. People,* 114 Colo. 207, 158 P.2d 447.

Examining the case presented by the People — devoid of defendant's statement — there was no independent

evidence as to why the check was returned, whether the payor's signature was genuine, whether defendant knew the check was forged, or how the check came into defendant's hands. Not all of these factors need be proved, but essential to the *corpus delicti* was at least proof that the instrument was forged.

The judgment is reversed and the cause remanded with directions to dismiss the case and discharge the defendant.

MR. JUSTICE KELLEY does not participate.