No. 9210.

THE PEOPLE v. KIPPY.

CRIMINAL LAW—*Writ of Error by The People.* The accused being acquitted, the court will not entertain a writ of error on behalf of the people, merely to determine the sufficiency of the evidence to warrant a conviction, where it is improbable that a similar state of facts will again be presented, so that a consideration of the testimony, and any declarations upon it, will neither establish any principle of law or be a guide in subsequent prosecutions.

*Error to Montrose District Court, Hon. Thomas J. Black, Judge.*

Hon. LESLIE E. HUBBARD, Attorney General, Mr. IRVING VAN BRADT, Assistant Attorney General, for The People.

No appearance for defendant in error.

Chief Justice Hill delivered the opinion of the court.

THIS writ of error on behalf of the People, brought by the Attorney General at the request of the District Attorney of the Seventh Judicial District, is for the purpose of having reviewed the ruling of the District Court in taking the case from the jury upon account of the alleged insufficiency of the testimony.

The defendant was charged with the crime of burglary. The question sought to be reviewed is whether the evidence, which is circumstantial, was sufficient to justify a conviction. To sustain their position, the people have set forth a great deal of the testimony and commented upon it.

Section 1997, Rev. Stats., 1908, provides that writs of error shall lie upon behalf of the people to review decisions in criminal cases upon questions of law arising upon the trial, motions to quash, demurrers, pleas in bar, pleas in abatement, motions in arrest of judgment or where a statute is declared unconstitutional. This is followed with a proviso that nothing in the act shall be construed so as to place a defendant in jeopardy a second time for the same offense. This defendant cannot be again tried for the

crime charged in the information.   There is nothing in the testimony to make it specially applicable to other cases which may follow.   It is improbable that a similar state of facts will arise in another case, hence, a consideration of the testimony and a declaration concerning it, would not establish any real principle of law, or be of any assistance, or act as a guide in future burglary cases, for which reasons we cannot conceive, by the language used, that the legislature intended to provide for what would be a useless review of a state of facts as here presented.

The writ of error will be dismissed.

*Writ dismissed.*

Decision *en banc.*

Mr. Justice Teller not participating.