## No. 9698.

### THE PEOPLE v. HOPKINS ET AL.

Decided May 2, 1921.

*On Petition for Rehearing.*

Proceeding upon error by the people to review the judgment in a criminal case.

*Writ of Error Dismissed.*

1. COURTS—*Judges—Interest in Action.* The trial court and judge thereof, have no interest in the review of a case on writ of error to such court.

2. CRIMINAL LAW—*Writ of Error by the People—Sufficiency of Evidence.* Under section 1997, R. S. 1908, authorizing the people to have reviewed decisions of the trial court in criminal cases, the question of the sufficiency of the evidence to establish the *corpus delicti* will not be entertained by the appellate tribunal.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. FRANK DELANEY, district attorney, Mr. J. W. KELLEY, for the people.

Mr. M. J. MAYES, Mr. J. W. DOLLISON, Mr. JOHN L. NOONAN, for defendants in error.

Mr. S. HARRISON WHITE, *Amicus Curiae.*

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS were informed against under the provisions of Sec. 1684, R. S. 1908, and brought to trial in the court below upon a charge of stealing one head of neat cattle from an unknown owner. At the close of the people's evidence defendants moved for a directed verdict on the

ground, among others, that there was no sufficient evidence of the *corpus delicti*. That motion was sustained, verdict was so entered, and defendants discharged. The district attorney brings error under Sec. 1997, R. S. 1908, authorizing the people to have so reviewed "decisions of the trial court in any criminal case upon questions of law arising upon the trial," etc.

The district court of Garfield County and Hon. John T. Shumate, Judge thereof, by their attorney S. Harrison White, joined with defendants in a petition for rehearing herein and brief in support thereof, and filed a separate reply brief to that of the people resisting the petition. In the latter it is said that the interest of the court and the Judge is solely that the law be properly declared, that if they be in error as to their right to appear as parties herein, they have a right, and it is their duty, to appear as *Amici Curiae*, and they request that they be so entered.

The trial court and the Judge thereof have no more interest in this proceeding than any other court or Judge in the State, and they are in no sense proper parties. The appearance of the trial Judge as an attorney herein is prohibited under Sec. 248, R. S. 1908. Hence the brief of Mr. S. Harrison White is considered solely as the brief of *Amicus Curiae*.

The only question for consideration here is, Was there sufficient evidence of the *corpus delicti* to carry the cause to the jury?

In construing said Sec. 1997, we have held that the question of the sufficiency of the whole evidence, where "there is nothing in the testimony to make it specially applicable to other cases which may follow," is not a question reviewable here under said section. *People v. Kippy,* 64 Colo. 597, 173 Pac. 395.

If the question of the sufficiency of the evidence as a whole is not so reviewable, certainly the question of the sufficiency of that evidence as to any particular element of the crime such as the venue, the identity of the defendant, or the *corpus delicti*, where, as here, "there is nothing

in the testimony to make it specially applicable to other cases which may follow," is not so reviewable, and that case is conclusive here.

The former opinion is withdrawn and the writ dismissed.

MR. CHIEF JUSTICE SCOTT not participating.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON dissent.

*Writ of Error Dismissed.*