No. 22522.

THEODORE CHARLES RUARK *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(434 P.2d 124)

Decided November 27, 1967.    Rehearing denied December 18, 1967.

Donald P. MacDonald, Jim R. Carrigan, for plaintiff in error.

James R. Blair, Student Attorney, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert C. Miller, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Theodore Charles Ruark brings this writ of error to a judgment sentencing him to a term of three to five years in the penitentiary for the crime of escape. He will hereafter be referred to as Ruark.

At the trial, the testimony on behalf of the People showed that on May 8, 1964, Ruark was picked up by a

state patrolman approximately 12 miles from the state penitentiary. At the time he was wearing civilian clothes, and gave a false name to the arresting officer. Ruark was identified by the Deputy Warden as the person held under an authenticated copy of a mittimus introduced into evidence. The Deputy Warden also testified that Ruark had no permission to leave the penitentiary. Ruark offered no testimony on his own behalf.

Ruark now contends that the court erred in failing to grant an acquittal at the close of the People's case and in failing to specifically instruct the jury that an intent to evade the due course of justice is a necessary element of the crime of escape. Ruark did not object at the trial to the failure to give this instruction, but now contends that this Court should consider the question under the "plain error" rule. We hold each of Ruark's claims to be without merit.

I.

It is true, as Ruark contends, that the prosecution must prove all the essential elements of the offense. When, however, the state proves on its case in chief acts from which the jury may properly infer the elements of a crime, then the state has made a "prima facie" case impregnable against a motion for acquittal. Proof that a regularly held prisoner was found 12 miles outside the penitentiary walls, wearing civilian clothes, and when apprehended gave a false name, is certainly sufficient evidence from which the jury, without more, could find that the prisoner had committed the statutory crime of escape. It is not necessary that the People call every employee of the penitentiary to testify that no permission was given the prisoner to leave. If the prisoner did receive permission, that information is peculiarly within the knowledge of the prisoner himself, and if he would raise the issue of permission he must go forward with some evidence of it. The trial court correctly denied the motion for acquittal.

## II.

Ruark contends that *Gallegos v. People,* 159 Colo. 379, 411 P.2d 956, and *Lewis v. People,* 159 Colo. 400, 412 P.2d 232, dictate reversal of this case because the trial court here, as in those cases, failed to instruct the jury that the crime of escape requires an intent to evade the course of justice.

In each of those cases, the defendant had attempted to go forward with proof tending to show lack of intent to escape. In both of those cases, unlike the situation here, objection was made to the failure to give the instruction on specific intent. Here the prima facie case of the People stood unrebutted. Ruark offered no defense of which he was deprived by the failure to give the instruction; he did not object to the instructions given; nor did he request other instructions. Ordinarily, we do not notice objections to instructions not raised at the trial court level. Colo. R. Crim. P. 30.

Colo. R. Crim. P. 52(b), however, permits us to notice plain error affecting substantial rights although not brought to the attention of the trial court. We hold that under the circumstances and the evidence in this case, Ruark's substantial rights were not so prejudiced by the failure of the court to give, sua sponte, the instruction in question that we should now invoke Rule 52(b).

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE DAY concur.