Mr. Justice Kelley
delivered the opinion of the Court.
This is an appeal by the District Attorney on behalf of the People to review a decision of the trial court pursuant to the provisions of C.R.S. 1963, 39-7-26 (2).
William R. Archer was proceeded against by information charging him with assault with a deadly weapon (C.R.S. 1963, 40-2-34) upon the person of Stewart Lofton. Archer pleaded not guilty, waived a jury and the case was tried to the court. After the state had presented its evidence and rested, the court granted the defendant’s motion for a judgment of acquittal and ordered the case dismissed and the defendant discharged.
The issue presented on this appeal, as stated in the District Attorney’s brief is':
“Did the trial court err in granting the motion for Judgment of Acquittal on the grounds that the prosecution failed to show that the Defendant possessed an abandoned and malignant heart and that the Defendant possessed the requisite specific intent?”
The question is answered in the negative. It should be noted that the authorized review is limited to questions of law.
C.R.S. 1963, 39-7-26 (2) provides:
“Writs of error shall lie on behalf of the state, or the people, to review decisions of the trial court in any criminal case upon question of law arising upon the trial, motions to quash, demurrers, pleas' in bar, pleas in abatement, motions in arrest of judgment, or where a statute is declared unconstitutional. * * !|:”
The District Attorney’s position is that there was sufficient evidence to sustain the allegation as to a malignant heart and specific intent. This is not a question of law but a question of fact which rests entirely within the competency of the trier of fact, whether it be a jury or a court. Here, trial was to the court. As we have previously stated,
“If the question of the sufficiency of the evidence as a *301 whole is not so reviewable, certainly the question of the sufficiency of that evidence as to any particular element of the crime such as the venue, the identity of the defendant, or the corpus delicti, where, as here, ‘there is nothing in the testimony to make it specially applicable to other cases which may follow,’ is not so reviewable, and that case is conclusive here.” People v. Hopkins, 70 Colo. 163, 197 P. 1020, citing People v. Kippy, 64 Colo. 597, 173 P. 395.
The plaintiff-appellant’s position is not well taken. The appeal is, therefore, dismissed.