No. 24721.

THE PEOPLE OF THE STATE OF COLORADO *v.*
JOHN PAUL KIRKLAND.
(483 P.2d 1349)

Decided April 26, 1971.

STANLEY F. JOHNSON, District Attorney, RALPH S. JOSEPHSOHN, Deputy, for plaintiff in error.

BLEWITT, BISBEE & GEIL, JOHN H. BISBEE, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

AT the conclusion of the People's evidence, the trial court granted defendant Kirkland's motion for judgment of acquittal on a charge of flag mutilation as defined in 1969 Perm. Supp., C.R.S. 1963, 40-23-3. The basis for the trial court's ruling was that the evidence presented by the People was insufficient, as a matter of law, to sustain conviction. The district attorney, on behalf of the People, urges on this appeal that the trial court's acquittal of the defendant on this motion was erroneous and should be disapproved.

▮ From our review of the record, we conclude, as a matter of law, that the evidence presented by the People is not of that quality, which would justify this court in holding that its legal sufficiency is beyond the reach of a motion for judgment of acquittal. We therefore affirm the trial court's judgment.

Further comment on the issue of the sufficiency of the evidence in this case would serve no purpose. In fact, an appeal by the district attorney on this basis is seldom productive of any precedential value. The issue of sufficiency of the evidence as postured here involves a question of law, and as such, the district attorney is given authority to appeal by C.R.S. 1963, 39-7-26(2).

This court has previously considered this statute in connection with motions under Crim. P. 29 in similar fact situations on many occasions. See *People v. Archer,* 173 Colo. 299, 477 P.2d 791; *People v. Chee,* 161 Colo. 296, 421 P.2d 732; *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820; *Krutka v. Spinuzzi,* 153 Colo. 115, 384 P.2d 928; *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427; *People v. Cox,* 123 Colo. 179, 228 P.2d 163; *People v. Byrnes,* 117

Colo. 528, 190 P.2d 584; *People v. Hopkins*, 70 Colo. 163, 197 P.1020; People *v. Kippy*, 64 Colo. 597, 173 P.395. Our previous constructions of C.R.S. 1963, 39-7-26(2), if inconsistent, are intended to be clarified by our holding in the instant case and previous decisions inconsistent with this opinion are hereby overruled.

 Although the district attorney is authorized to appeal in a case of this nature, we see no good purpose to be accomplished by this appeal. As stated in several of the cases cited *supra*, an appeal after the trial judge has granted a motion for judgment of acquittal upon the completion of the People's evidence on the ground that the evidence is insufficient, is in most instances, a completely non-productive exercise.

 The purpose of appellate review is essentially twofold: (1) to settle the controversy, and (2) to provide explanation of and to give clarity to questions of law by means of published opinions. In the instant case, neither purpose is well served. The controversy was settled before the appeal by virtue of the bar against double jeopardy. And the review of the evidence by this court in this unique set of circumstances will shed no light on the broader legal question of sufficiency of the evidence to avoid the granting of a motion for judgment of acquittal, or to justify the granting of the motion.

 Sufficiency of the evidence by its very nature must be reviewed on an *ad hoc* basis, and it is the exceptional case where such review will involve questions of "sufficiency" generally applicable to future cases. This is particularly true in the instant case where the trial was to the court. In a trial to the court, the judge sits also as the trier of fact and thus, has considerably more leeway in granting a motion for judgment of acquittal than if the case were tried before a jury. See 8 *J. Moore, Federal Practice* ¶29.02 (2d ed. 1970).

Judgment affirmed.