No. 25200

**The People of the State of Colorado v. Michael E. Smith**
(510 P.2d 893)

Decided June 4, 1973. Modification of opinion denied June 18, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant was found guilty by the court (jury waived) of second-degree burglary and theft, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5 and 40-5-2, respectively. Concurrent sentences were imposed. A full confession of the offenses was made by the defendant, and the central issue on this appeal is whether the People presented sufficient evidence, independent of defendant's confession, to establish that a crime was committed.

██ We have consistently held that a confession alone is not sufficient to establish the existence of a crime. There must be independent evidence to establish the *corpus delicti. People v. Applegate,* 181 Colo. 339, 509 P.2d 1238; *People v. Maestas,* 181 Colo. 180, 508 P.2d 782 (1973); *Martin v. People,* 179 Colo. 237, 499 P.2d 606 (1972); *Martinez v. People,* 129 Colo. 94, 267 P.2d 654 (1954). In the instant case there is sufficient evidence independent of the confession to establish the fact that the crimes had been committed by someone. Identity and specific intent were established through the confession. We therefore affirm.

The defendant was one of three prison inmates involved in the offense charged. All were scheduled for release within a short period of time.

Between 7:00 p.m., February 8, 1970, and 6:00 a.m. the following morning, the safe in the office of the Director of the Pre-parole Center was entered by some unauthorized person or persons and the strongbox, which contained $1724 in currency, was forced open and the contents removed therefrom. The money was recovered following the defendant's arrest. These facts were all established by testimony independent of defendant's confession.

██ The prosecution, of course, is required to prove all material elements of the offense charged. But where a confession is to be used, the *corpus delicti* must be proved by evidence independent of the confession. As stated in 1 *C. Torcia, Wharton's Criminal Evidence* §§ 16, 17 (13th ed. 1972), the *corpus delicti* of a crime minimally requires two elements: "(1) An injury which is penally proscribed — *e.g.,* in an unlawful homicide, a person killed; in larceny, certain property missing; and (2) The unlawfulness of some person's conduct in causing that injury." As noted, the evidence here showed that someone entered the office, opened the safe, broke into the cash box and took the contents.

In his brief, the defendant, quite correctly, states: "Many Colorado cases directly consider the need for corroboration of extra-judicial confessions. It has been clearly established by this court that there must be at least some

evidence of corpus delicti in addition to an extra-judicial confession to sustain a conviction."

A long line of cases beginning with *Dougherty v. People,* 1 Colo. 514 (1872) and *Roberts v. People,* 11 Colo. 213, 17 P. 637 (1888) and ending with *People v. Maestas, supra,* and *People v. Applegate, supra,* have adhered to this rule that the *corpus delicti* must be established by evidence other than that coming from the mouth of the defendant. We reaffirm this salutary rule. The independent evidence here was sufficient.

Two subsidiary arguments made by defendant are, under the circumstance here, non-prejudicial, and will not be discussed.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.