MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The defendant, Steve Rankin, was charged and convicted by a jury of dispensing dangerous drugs. C.R.S. 1963, 48-8-2.[1] The primary issue on appeal is the sufficiency of the evidence to sustain the conviction. The record establishes that the prosecution failed to establish the corpus delicti. Therefore, the defendant’s motion for a judgment of acquittal should have been granted.
The defendant, who was 18 years of age and attended high school with the other witnesses to the transaction, was arrested after Jeffrey Lebsack ingested two pieces of a blotter and suffered an increase in blood pressure, rapid pulse, and dilation of his eyes. The symptoms which accompanied Lebsack’s objective signs were loss of memory, increased sensitivity to light, and dizziness. As a result, Lebsack told' his father that he had taken LSD which he obtained from Mark Willey. The father took his son to the Loveland Hospital where a general surgeon conducted an examination and measured Lebsack’s vital signs. The surgeon had no experience with hallucinogenic drugs, but administered a tranquilizer and caused Lebsack’s condition to stabilize and return to normal.
Subsequently, Willey was arrested and provided evidence which implicated the defendant. Willey was granted immunity and testified for the prosecution. His testimony, together with that of the doctor, Lebsack, the sheriff, and an agent from the Colorado Bureau of Investigation, constituted the prosecution’s case.
In essence, the prosecution proved that the defendant had on two occasions given Willey a pill. One pill was described as a “purple band.” Willey used that pill, together with another unidentified pill which he got from someone else, and thereafter experienced hallucinations. The second pill, which he obtained from Rankin and was said to be LSD, was melted down by Willey and put on two pieces of blotter paper. The blotter paper was then put in a bottle with eight other pieces of blotter paper. The next day, one of the pieces of blotter in the bottle was cut into quarters by Willey and one quarter was sold to Lebsack for $1.25. Lebsack thereafter swallowed the piece of blotter and had no ill effects. He then demanded his money back and was given a larger piece of the blotter which produced *510 the symptoms and signs which are described herein. Willey could not identify the blotter fragment as the one impregnated with the material from the pill obtained from Rankin. Moreover, Lebsack had no prior experience with LSD which would support a conclusion that he ingested LSD which the defendant provided. No expert testimony was offered to prove what was on the blotter.' The only prosecution testimony to establish that the blotter contained LSD consisted of the Colorado Bureau of Investigation agent’s description of the use of blotters as a means of taking LSD.
The doctor who treated Lebsack admitted that he could not rule out causes other than LSD for the signs and symptoms which he found in his examination of Lebsack.
The only evidence to support this conviction is the defendant’s one-line confession which admits his delivery of the pills tó Willey.
In every criminal case, it is the burden of the prosecution to prove the corpus delicti. See generally People v. Smith, 182 Colo. 31, 510 P.2d 893 (1973). Where a confession is involved, the corpus delicti must be proved by evidence independent of the confession. People v. Smith, supra; People v. Applegate, 181 Colo. 339, 509 P.2d 1238 (1973); People v. Maestes, 181 Colo. 180, 508 P.2d 782 (1973).
Excluding the defendant’s confession, the relevant evidence, when viewed in a light most favorable to the prosecution, does not amount to substantial evidence that the defendant dispensed a dangerous drug. See People v. Martinez, 191 Colo. 428, 553 P.2d 774; People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973). The identity of the drug, if any, on the blotter was not proven. Ten blotters were in the bottle and Willey was unable to positively identify the blotter as the one he impregnated with the pill supplied by the defendant. Compare United States v. Atkins, 473 F.2d 308 (8th Cir.), cert. denied, 412 U.S. 931, 93 S.Ct. 2751, 37 L.Ed.2d 160 (1973).
Accordingly, the judgment is reversed and the case is remanded with directions to enter a judgment of acquittal.

Now section 12-22-404, C.R.S. 1973.