MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
The defendant was charged with theft under section 18-4-401, C.R.S. 1973, and was convicted of attempted theft under section 18-2-101, C.R.S. 1973. The People appeal from the grant of defendant’s motion for judgment of acquittal on the charge of theft.
Defendant was arrested for shoplifting eighteen men’s shirts from the K-G Men’s Store in Aurora. The record reveals that two employees of the store observed the defendant take a number of shirts from a rack, roll them up, and place them into a brown paper sack. They testified that the defendant then walked to the cash register, spoke briefly to the cashier without paying, and then walked toward the exit of the store which was about 100 feet from the cash register.
The two employees apprehended the defendant four feet inside the open doorway and recovered eighteen shirts, identified as the property of the store. During questioning by a member of the Aurora Police Department, the defendant admitted taking the shirts for the purpose of selling them.
At the conclusion of the evidence the trial court granted the defendant’s motion for judgment of acquittal, ruling that the People had failed to prove beyond a reasonable doubt that the owner had been permanently deprived of the possession and use of its goods, since the shirts never left the owner’s premises. The trial court reasoned that the prosecution had failed to prove the corpus delicti of the crime stating that there was no completed act giving rise to a “loss” by the owner since the goods were not taken from the premises. The court allowed the case to go to the jury on the question of attempted theft, and the jury returned a verdict of guilty under section 18-2-101(7), C.R.S. 1973.
The People bring this appeal on a question of law pursuant to section 16-12-102, C.R.S. 1973. The People assert that the trial judge erred in granting the motion for judgment of acquittal because the People had *82 presented unrebutted prima facie evidence establishing all the necessary elements of theft which would have supported a jury verdict of guilty. We agree.
The primary issue is whether there was sufficient evidence to establish a prima facie case of theft against the defendant. The proper standard for inquiry by the trial judge was initially set forth in People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973):
“The issue before the trial judge [in passing upon a motion for judgment of acquittal] is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt.”
In the present case, the evidence in the record is substantial and satisfies the Bennett test. All the necessary elements of theft were established pursuant to section 18-4-401, C.R.S. 1973, notwithstanding the fact that neither the goods nor the defendant left the premises. This court has held that once the prima facie case is established in a jury trial, it becomes impregnable to a motion for judgment of acquittal. Ruark v. People, 164 Colo. 257, 434 P.2d 124 (1967), cert. denied, 390 U.S. 1044, 88 S.Ct. 1644, 20 L.Ed.2d 306 (1968).
It is generally accepted that in order to show a prima facie case of theft, the prosecution must establish the elements of the corpus delicti of theft: that the property was lost by the owner, and that it was lost by a felonious taking. Woods v. People, 111 Colo. 448, 142 P.2d 386 (1943).
In ruling that the People had failed to prove the corpus delicti, the trial court mistakenly interpreted Scott v. People, 166 Colo. 432, 444 P.2d 388 (1968). In Scott, the defendants were observed attempting to load a television set into a car parked in the alley behind the owner’s house. After a futile effort, the television set was abandoned on the owner’s premises. In ruling that there was sufficient evidence to support the guilty verdict, the issue of whether the goods had to be carried away from the owner’s premises before a completed act supporting the crime of theft could be shown was not before this court.
In pertinent part, the Colorado theft statute, section 18-4-401, C.R.S. 1973, provides:
“18-4-401. Theft. (1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization or by threat or deception, and: (a) Intends to deprive the other person permanently of the use or benefit of the thing of value.”
The trial court incorrectly stated that the act of concealment of the merchandise by the defendant went only to the element of intent and failed to satisfy the requirement of a loss by the owner.
*83 Under the particular circumstances of this case, the crime of theft was completed when the defendant removed the shirts from the rack and concealed them in the sack he was carrying, if at the time he had the intent to permanently deprive the owner of its use or possession. As of that moment, there was a completed taking, as the defendant exercised complete, independent and absolute control and possession over the goods adverse to the rights of the owner.
It was not necessary for the goods to be removed from the owner’s premises in order to prove the prima facie case of theft if the jury found that at that time the required intent to permanently deprive the owner of possession was present. Evidence of that intent was supplied by the wilful concealment of the unpurchased shirts. Thus, every element of the crime of theft as defined by section 18-4-401, C.R.S. 1973, was present in the evidence introduced by the prosecution.
We conclude that the trial judge erred in granting a motion for judgment of acquittal.
Judgment disapproved.
MR. JUSTICE LEE does not participate.