No. 27991
No. 28075

**The People of the State of Colorado v. Dennis Waggoner**
**The People of the State of Colorado v. Kent Waggoner & Max Yocam**

(595 P.2d 217)

Decided January 15, 1979. Rehearing granted February 20, 1979. Decided May 29, 1979.

W. Terry Ruckriegle, Special Deputy District Attorney, for plaintiff-appellant.

Andersen & Gelhausen, S. Ford Andersen, for defendants-appellees, Kent Waggoner and Max Yocam.

No appearance entered on behalf of Dennis Waggoner.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal by the People from a judgment of acquittal entered by the District Court of Las Animas County after trial to a jury resulted in the jury's being discharged without reaching a verdict. The constitutional provision on double jeopardy prohibits a retrial of the defendants under the circumstances. The greatest relief we can grant the People is to disapprove the judgment entered by the trial judge, and we grant that relief.[1]

Defendants Kent and Dennis Waggoner and Max Yocam were charged under section 18-3-203(1)(c), C.R.S. 1973, with assault on a peace officer. Evidence presented at their trial established that there had been an altercation during a dance at the school gymnasium in Kim,

---

[1] We reiterate and emphasize our position in *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971): an appeal after a judgment of acquittal due to insufficiency of the People's evidence is ordinarily an exercise in futility and serves no useful purpose.

Colorado, and Deputy Sheriff Joseph Lujan had been severely injured during the course of the fight.

The People's witnesses testified that Officer Lujan, while wearing his uniform and chaperoning the dance, had been struck by Kent Waggoner, "jerked down" by Dennis Waggoner, and kicked repeatedly by Max Yocam when he attempted to intercede in a fight. At the conclusion of the People's case, the judge granted Dennis Waggoner's motion for judgment of acquittal on the ground of insufficient evidence.

## I.

The leading statement of the standard for determining whether a judgment of acquittal should be granted is contained in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). The evidence, when viewed in the light most favorable to the prosecution, should be sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. Once a *prima facie* case has been established, it becomes impregnable against a motion for judgment of acquittal. *People v. Contreras,* 195 Colo. 80, 575 P.2d 433 (1978); *Ruark v. People,* 164 Colo. 257, 434 P.2d 124 (1967), *cert. denied,* 390 U.S. 1044, 88 S.Ct. 1644, 20 L.Ed.2d 306 (1968).

"A person commits the crime of assault in the second degree if . . . With intent to prevent one whom he knows, or should know, to be a peace officer . . . from performing a lawful duty, he intentionally causes bodily injury to any person. . . ." Section 18-3-203(1)(c), C.R.S. 1973.

The People's case established an assault on a uniformed officer acting in the course of his duties. The intent of the perpetrators could be inferred from the circumstances. Thus, a *prima facie* case of assault had been established. Whether or not the witnesses were credible and how much weight was to be accorded their testimony, were questions for the jury to resolve. By granting Dennis Waggoner's motion for judgment of acquittal, the trial judge erroneously usurped the function of the jury. *People v. Martinez,* 191 Colo. 428, 553 P.2d 774 (1976).

## II.

The case proceeded as to Kent Waggoner and Max Yocam. Defense testimony contradicted the People's case in a number of respects. There was some doubt cast as to whether Lujan had been wearing his uniform, as to whether he had been kicked, and about the identity of the assailants and their intent. The case was submitted to the jury. After deliberations, the jury informed the judge it was unable to reach a verdict. The defense then moved for judgment of acquittal as to Kent Waggoner and Max Yocam, which was subsequently granted.

The situation presented by the second acquittal differs from *Bennett* and its progeny because the acquittal here was granted *after* the

jury deliberated and found itself unable to reach a verdict.[2] However, the same standard for determining whether an acquittal should be granted applies here. Crim. P.29(a) states that the court "shall order the entry of a judgment of acquittal . . . if the evidence is insufficient to sustain a conviction of such offense . . . ." This evidence is to be weighed in the light most favorable to the prosecution and given "every reasonable inference which may fairly be drawn [from it]. . . ." *People v. Martinez, supra.*

[5] The evidence presented at the trial, when considered in a light most favorable to the prosecution, was legally sufficient to overcome a motion for acquittal. All the necessary elements of the crime with which Waggoner and Yocam were charged had been established by direct or circumstantial evidence. The trial judge clearly acted as a trier of fact. This was not his function in a jury trial situation. Thus, judgment of acquittal based on insufficiency of the evidence was improper.

Accordingly, the decision of the trial court is disapproved.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE PRINGLE does not participate.


## ON REHEARING

*People v. Waggoner,* 196 Colo. 578, 595 P.2d 217 (1979), disapproved the trial court's entry of a judgment of acquittal. We granted a rehearing and again disapprove the action of the trial court.

■ The facts presented in the petition for rehearing raised an issue as to the double jeopardy determination of this court. The judgment of acquittal was entered by the trial court after a mistrial was declared for failure of the jury to reach a verdict. After many hours of deliberation, the jury reported that it was unable to agree on a verdict and that no further deliberation would bring about agreement. The hung jury was discharged, and a mistrial was declared.

After numerous attempts to have the case set for retrial, the trial judge reconsidered the defense motion for judgment of acquittal and granted the defendants' motion. Jeopardy has attached, and the defendants cannot be retried. *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

The trial court's entry of a judgment of acquittal pursuant to the defendants' motion was as much of an acquittal as a not guilty verdict. *People v. Martinez,* 191 Colo. 428, 553 P.2d 774 (1976).

Accordingly, the judgment of the trial judge is again disapproved.

---

[2] Crim. P. 29(c) provides in part, "If no verdict is returned, the court may enter judgment of acquittal."