**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Robert J. PAIVA, Defendant–Appellee.**

**No. 86SA410.**

Supreme Court of Colorado.

Dec. 19, 1988.

G.F. Sandstrom, Dist. Atty., Steve L. Jensen, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Steve E. Alcala, Deputy State Public Defender, Pueblo, for defendant-appellee.

ERICKSON, Justice.

This is an appeal by the prosecution pursuant to section 16–12–102, 8A C.R.S. (1986). The sole question before us on appeal is whether the trial judge erred as a matter of law in granting a defense motion for a judgment of acquittal after a jury had found the defendant, Robert J. Paiva, guilty of attempted theft. § 18–4–401, 8B C.R.S. (1986).

After hearing arguments on a motion for a new trial and requesting that the prosecution and defense address the sufficiency of the evidence to support the conviction, the trial court took the motions under advisement and then granted the motion for judgment of acquittal. Crim.P. 29(c) provides:

> **Motion After Verdict or Discharge of Jury.** If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within ten days after the jury is discharged or within such further time as the court may fix during the ten-day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. It shall not be necessary to the making of such a motion that such a similar motion has been made prior to the submission of the case to the jury.

In *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), we adopted the substantial evidence test to determine whether a motion for judgment of acquittal should be granted and stated that the test is:

> [W]hether the evidence before the jury is sufficient in both quantity and quality to submit the issue of the defendant's guilt or innocence to the jury.
>
> . . . .
>
> The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt. *United States v. Ortiz*, 445 F.2d 1100 (10th Cir.1971), *cert. denied*, 404 U.S. 993 [92 S.Ct. 541, 30 L.Ed.2d 545] (1971); *Lewis v. United States*, 420 F.2d 1089 (10th Cir.1970); *Curley v. United States*, 160 F.2d 229 (D.C.Cir.1947), *cert. denied*, 331 U.S. 837 [67 S.Ct. 1511, 91 L.Ed. 1850] (1947).

*Id.* at 129–130, 515 P.2d at 469.

The trial court's written order was based upon Crim.P. 29(c) and the substantial evidence test, and clearly stated the reasons that the evidence was insufficient to prove the defendant's guilt beyond a reasonable doubt.

In *People v. Kirkland*, 174 Colo. 362, 483 P.2d 1349 (1971), we addressed the propriety of prosecution appeals to review the sufficiency of the evidence after a motion for a judgment of acquittal was granted. We concluded that such an appeal is, in most instances, a completely nonproductive effort.

In this case the trial court followed the proper procedure, applied the "substantial evidence" test after reviewing the entire record, and granted a judgment of acquittal after determining that the evidence was not sufficient to sustain the conviction.

We have reviewed the record, which does not include the exhibits, and in the absence of a full record, we cannot conclude that the trial judge erred in granting a judgment of acquittal. We affirm the trial judge's order granting the judgment of acquittal.

JUDGMENT AFFIRMED.