**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Julie QUINN, Defendant–Appellant.**

**No. 88CA1086.**

Colorado Court of Appeals, Div. I.

Feb. 1, 1990.

Rehearing Denied April 5, 1990.

Certiorari Denied Aug. 6, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Eckelberger and Feldman, Ethan D. Feldman, Englewood, for defendant-appellant.

Opinion by Judge PLANK.

The defendant, Julie Quinn, appeals the judgment of conviction entered on a jury verdict finding her guilty of introducing contraband in the first degree. We affirm.

As a result of an investigation concerning a planned jail break, defendant, a deputy sheriff, admitted that she had brought alcohol to a jail inmate on four occasions, once at the Arapahoe County Jail Facility

and three times at the Arapahoe County Justice Center.

The defendant was charged with four counts of violating section 18–8–203(1)(a), C.R.S. (1986 Repl.Vol. 8B). The jury returned a verdict of guilty as to the count at the jail and not guilty on the remaining counts.

## I.

The defendant initially contends that her conviction rests solely upon her uncorroborated confession. We disagree.

The defendant claims that no independent evidence exists to corroborate her confession, and thus, the *corpus delicti* has not been established because no alcohol was detected by any person to substantiate the defendant's confession.

The *corpus delicti*, or the fact that a crime occurred, must be proved in every case. If the principal proof of the *corpus delicti* is a single confession of the defendant, that confession must be corroborated by evidence independent of the confession. *See People v. Rankin,* 191 Colo. 508, 554 P.2d 1107 (1972); *People v. Smith,* 182 Colo. 31, 510 P.2d 893 (1973).

However, only slight corroborating evidence is needed. *See Self v. People,* 167 Colo. 292, 448 P.2d 619 (1968). It is enough "if the additional evidence is sufficient to convince the jury that the crime charged is real and not imaginary." *Hampton v. People,* 146 Colo. 570, 362 P.2d 864 (1961). The corroborating evidence may be either circumstantial or direct. *People v. Gonzales,* 186 Colo. 48, 525 P.2d 1139 (1974). It is adequate corroboration merely to show that "someone committed an offense." *See People v. Smith, supra.*

Here, defendant told the investigators that she had supplied alcohol to a specific inmate. She also told the investigators that she had transported the alcohol into the jail in small size bottles, such as those used by airlines, and also related the exact location where she purchased the alcohol. The investigators drove to the location described and determined that the liquor store in fact sold small airline-type bottles of a certain type of liquor.

The corroborating evidence consisted of evidence indicating a deeply felt emotional attachment by defendant for the inmate, a showing that defendant had placed money in the inmate's jail account on two occasions, and a showing that both the defendant and the inmate were present at the Facility on February 11, 1987, the date charged in count one.

Other corroborating evidence consisted of an excerpt from a letter written by the inmate to the defendant in which he mentioned the type of liquor sold in the airline-type bottles and referred to a date that coincided with the date charged in count one.

We conclude that the evidence, other than the defendant's confession, is sufficient to prove that the crime charged is real and not imaginary.

## II.

The defendant next contends that an insufficient foundation was laid for the testimony of deputy sheriff Vigil relating to the alleged prior inconsistent statements of a certain inmate. However, whatever the validity of defendant's contention in this regard, the testimony in question related only to the counts as to which defendant was found not guilty. Thus, any error was not prejudicial to defendant.

## III.

Jury selection commenced and concluded on the last day allowed for speedy trial; however, the trial court did not swear the jury until completion of a motions hearing two days later. Defendant asserts that this procedure violated her right to a speedy trial. We disagree.

The defendant contends that a trial, for speedy trial purposes, commences when a jury is sworn rather than when jury selection begins. However, contrary to this assertion, in *People v. Peltz,* 697 P.2d 766 (Colo.App.1984), *aff'd,* 728 P.2d 1271 (Colo. 1986), it was held that trial has commenced

for purposes of the right to a speedy trial when jury selection begins.

Here, jury selection began within the time authorized by statute; therefore, the defendant was not denied her right to a speedy trial.

## IV.

The defendant next contends that the verdict of guilty on one count is inconsistent with the finding of not guilty on the other three counts and argues that, therefore, the guilty verdict cannot stand. We disagree.

■ The test for assessing inconsistency in jury verdicts is whether the jury had to rely on the very same evidence in producing two apparently inconsistent conclusions. See People v. Fierro, 199 Colo. 215, 606 P.2d 1291 (1980).

■ The defendant asserts that she confessed to all four charges and that the same evidence as to *corpus delicti* was presented to the jury for all four charges. However, the three counts for which the defendant was acquitted involve incidents occurring on different dates as well as different locations than the charge for which the defendant was convicted. Also, the corroborating letter by the inmate referred specifically only to the first count. Thus, the jury could rationally find the defendant guilty of the first count while maintaining a reasonable doubt as to guilt on the remaining counts. Consequently, the jury's verdicts are not inconsistent.

## V.

The defendant next contends that the trial court erred when it admitted testimony regarding her sexual conduct with the inmate along with admitting the excerpt of the letter to the defendant from that inmate. We disagree.

### A.

■ The defendant claims that the excerpt from the inmate's letter was insufficiently probative in light of its hearsay nature and the limited purpose for which it was admitted.

During the investigation on February 23, 1987, the defendant told the investigators about bringing alcohol into the jail; however, she could not remember the time frame of those events. The defendant then told the investigators that she had received a letter from the inmate in question that would establish a date that she had brought alcohol into the Facility.

The trial court found that the letter was competent evidence and was admissible as probative of the presence of alcohol in the jail during the pertinent time frame, the defendant's knowledge thereof, and to corroborate the defendant's confession. The trial court gave a limiting instruction on the purpose for which the letter was admitted. The trial court did not admit the evidence to prove the defendant's character, other crimes, wrongs, or bad acts.

The letter, although hearsay, was nonetheless admissible. The defendant's own statements and actions indicated her belief in the truth of the letter, thereby qualifying them for admission under the adoptive admission exception to the rule against hearsay. CRE 801(d)(2)(B). *See People v. Green,* 629 P.2d 1098 (Colo.App.1981).

The letter qualifies as an adoptive admission because the defendant told the investigators that they could rely on the letter to establish the dates the defendant brought alcohol to the inmate. The defendant thereby acknowledged the truth of the inmate's statements.

### B.

■ The sexual contacts evidence provided the jury with an understanding of why a deputy sheriff would be willing to introduce alcohol into the jail for an inmate. The evidence was pertinent in establishing the relationship between the parties.

We conclude that there was no error in admitting the letter or the sexual conduct evidence.

## VI.

The defendant finally contends that the trial court erred in admitting her confession. The defendant asserts that her confession was involuntary because she was faced with losing her job if she did not cooperate with the investigators.

However, given defendant's background and training in law enforcement, together with the fact that the investigator's testified that they had not conditioned continued employment on defendant's cooperation, we conclude that there is evidentiary support for the court's ruling that the confession was voluntary.

Hence, the defendant's confession was admissible.

Accordingly, the judgment of conviction is affirmed.

PIERCE and METZGER, JJ., concur.