**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James Leroy NARA, Defendant–Appellant.**

**No. 96CA1372.**

Colorado Court of Appeals, Div. III.

Feb. 19, 1998.

As Modified on Denial of Rehearing March 19, 1998.

Certiorari Denied Oct. 19, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Claudia Brett Goldin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, James Leroy Nara, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child by one in a position of trust. Defendant contends the trial court erred in permitting the prosecution to use evidence of an unrelated incident to corroborate, and thus render admissible, the child's hearsay statements. We agree and reverse, and we remand for further proceedings as necessary to determine whether the case can proceed to a new trial.

Defendant assisted his wife in providing child care in their home. The children they supervised included the alleged victim, a five-year-old girl.

Defendant's wife informed the child's mother that she might be going out of town for a few days and defendant would take over during that time. When the mother later asked the child how she felt about it, her response was that she did not like it. She said that, when other children were not present, defendant liked to kiss her "like mom and dad" and tickle her.

Questioned further, the child asked if her mother remembered how a boy she knew from day care had asked her to lick his "weeny" and kiss him. She said defendant had asked her to do the same thing. When the mother asked where defendant had touched her, the child indicated her vaginal area.

The mother called police the next day. In a later interview with a detective, the child described how defendant had: 1) touched her breast and vaginal areas over her clothing on several occasions; 2) kissed her on the mouth and told her she was a good kisser; 3) rubbed her vaginal area with his genital area; and 4) had her lie down on the kitchen floor and then lay on top of her. Defendant had told her not to tell anyone.

Defendant was charged with one count of sexual assault on a child by one in a position of trust. Before trial, the prosecution filed motions to determine the child's competency to testify at trial, to admit her hearsay statements, and to admit evidence of other misconduct.

At a hearing on the motions, after listening to the child's responses to the prosecutor's questions, the court ruled she was not competent to testify. The prosecutor's initial response to the ruling was that the case could not proceed to trial because of the lack of evidence to corroborate the child's hearsay statements, as required under § 13–25–129(1)(b), C.R.S.1997. However, the prosecutor then suggested that evidence of a prior incident could be used as the required corroboration.

By way of an offer of proof, the prosecutor stated another girl would testify at trial that four years earlier, when she was five years old, she was in day care at defendant's house. At that time, defendant had kissed her, touched her vaginal area through her clothes, rubbed his groin against her, and asked her to touch his "peepee."

Over defendant's objection, the trial court accepted the prosecutor's offer of proof and concluded the evidence was sufficiently similar to be corroborative of the crime charged. Hence, if the hearsay statements of the child defendant was charged with sexually abusing were otherwise admissible, evidence of the similar act could be admitted as the necessary corroboration.

The court then addressed the prosecutor's motion to admit those hearsay statements. After hearing testimony from the alleged victim's mother and the detective, the court found sufficient indicia of reliability to render her statements otherwise admissible.

At trial, the mother and the detective related the child's hearsay statements. The girl involved in the earlier alleged incident was then called to testify. However, she could not remember making many of the allegations that had been included in the offer of proof. Nor did she recall that those events had occurred.

Because the earlier case had been investigated at the time and closed as unfounded, leaving no conviction, it was necessary for the prosecutor to introduce further evidence of the incident through other witnesses. Their testimony was likewise limited to relating statements the girl had made at the time, out of court. Defendant took the stand and denied the allegations concerning both incidents.

In closing, the prosecutor characterized the case as "the story of two girls." The jury found defendant guilty as charged. Defendant contends the trial court erred in admitting the child's hearsay statements corroborated only by evidence of an unrelated prior incident. We agree.

No assertion was made, at trial or on appeal, that the child's hearsay statements were admissible under any statute or rule other than § 13–25–129, C.R.S.1997. That statute provides in pertinent part as follows:

(1) An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration ... performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal ... proceedings in which a child is a victim of an unlawful sexual offense ... if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

(b) The child either:

(I) Testifies at the proceedings; or

(II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

" Corroborative evidence," for purposes of the statute, is "evidence, direct or circumstantial, that is independent of and supplementary to the child's hearsay statement and that tends to confirm the act described in the child's statement actually occurred." *People v. Bowers*, 801 P.2d 511, 525 (Colo.1990). The supreme court in *Bowers* concluded that the child's use of anatomically correct dolls to describe the alleged assault constituted hearsay. Hence, the evidence could not provide the necessary corroboration for the child's other hearsay statements. The court reasoned that such reciprocal use of hearsay as corroborative evidence would amount to "evidentiary bootstrapping." *People v. Bowers, supra*, 801 P.2d at 527.

In this case, evidence of a similar act or transaction was admissible under § 16–10–301, as then in effect, to show "a common plan, scheme, design, identity, modus operandi, motive, guilty knowledge, or intent." *See* Colo. Sess. Laws, 1975, ch. 166, § 16–10–301(1) at 614. However, at that time, Colo. Sess. Laws 1975, ch. 166, § 16–10–301(4) at 615, provided as follows:

*Before admitting evidence of similar acts or transactions,* the court must find that the people have introduced sufficient evidence against the defendant to constitute *a prima facie case,* warranting submission of the case to the jury on the evidence presented *other than that of similar acts or transactions.* (emphasis added)

*Cf.* § 16–10–301(4)(c), C.R.S.1997 ("The evidence of other acts may not be admitted until the trial court finds that the prosecution has by evidence or offer of proof established a prima facie case for the charged offense.").

The trial court therefore could not admit evidence of the alleged similar act under

§ 16–10–301 *before* the prosecutor presented a prima facie case to the jury. Yet, the child's out-of-court statements could not establish a prima facie case warranting submission to the jury because, under § 13–25–129(1)(b), the statements were not admissible without the corroborative evidence.

■ Thus, as a result of the interaction of the two statutes as then in effect, the alleged victim's out-of-court statements could not be corroborated by evidence of the similar act, and those statements could not provide the prima facie case necessary for admission of evidence of the similar act. The trial court therefore could not properly admit evidence of either.

In reaching this conclusion, we recognize the supreme court in *People v. Bowers, supra*, suggested in dicta that evidence of other similar acts may constitute "corroborative evidence" for purposes of the child hearsay statute. However, the court there was not confronted with the issue before us, and it had no occasion to address the limitation on admission of such evidence under § 16–10–301(4).

We also recognize that evidence of other crimes, wrongs, or acts is admissible under CRE 404(b) for many of the same reasons that evidence is admissible under § 16–10–301. Further, unlike § 16–10–301, CRE 404(b) does not require that a prima facie case be established before evidence of other acts can be admitted. The supreme court has nevertheless determined, on one occasion, that § 16–10–301 sets forth the exclusive standards and procedures for admitting evidence of prior similar acts in sexual assault cases. *See Adrian v. People*, 770 P.2d 1243 (Colo.1989). On another occasion, the court has held that the admissibility of such evidence is governed by both CRE 404(b) and § 16–10–301. *See People v. Snyder*, 874 P.2d 1076 (Colo.1994). Under either test, compliance with 16–10–301 is required for admission of similar act evidence to support a charge of sexual assault. Any change in that requirement must come from the supreme court.

■ If the language of a statute is plain, its meaning clear, and no absurdity results,

we may not adopt a strained interpretation. *See Indian Mountain Metropolitan Recreation & Park District v. J.P. Campbell & Associates,* 921 P.2d 65 (Colo.App.1996). Our statutory construction comports with the plain language of §§ 13–25–129 and 16–10–301, and no absurdity results, even though some who are guilty may go free. We presume the General Assembly, in resolving a dilemma, has intentionally chosen to so balance the evidentiary scales, in order to protect from criminal prosecution, conviction, and punishment the innocent falsely accused. *See* § 2–4–201(1)(b), C.R.S.1997; *People v. Gallegos,* 946 P.2d 946 (Colo.1997)(the General Assembly is presumed to have intended a just and reasonable result).

The judgment of conviction is reversed. The cause is remanded for further proceedings as necessary to determine whether the case can proceed to a new trial.

PLANK and CASEBOLT, JJ., concur.