**The PEOPLE of the State of Colorado, Petitioner–Appellee, In the Interest of T.A.O., a Child, Juvenile–Appellant.**

**No. 00CA0092.**

Colorado Court of Appeals, Div. IV.

Sept. 13, 2001.

Rehearing Denied Nov. 1, 2001.

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Lauren Edelstein Park, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

David S. Kaplan, Colorado State Public Defender, Shann Jeffery, Deputy State Public Defender, Denver, Colorado, for Juvenile–Appellant.

Opinion by Judge RULAND.

Juvenile, T.A.O., appeals from the judgment adjudicating him to be a delinquent child based upon a finding that he committed sexual assault on a child by one in a position of trust. We reverse the conviction and remand the case with directions to dismiss the petition.

Juvenile contends that the trial court erred in denying his motion to dismiss the petition because the evidence at trial was insufficient as a matter of law to support the allegations of the petition. We agree.

In order to defeat a motion for a judgment of acquittal, the prosecution must present a prima facie case of guilt beyond a reasonable doubt. *People v. Montano,* 195 Colo. 420, 578 P.2d 1053 (1978); *see also* Crim. P. 29(a). Proof of the corpus delicti, that is, the fact that the crime occurred, is a necessary element of a prima facie case. *People v. Contreras,* 195 Colo. 80, 575 P.2d 433 (1978).

Here, the prosecution's evidence consisted of the juvenile's confessions to a therapist and a detective that he touched his sister's vagina through her clothing on New Year's Eve, together with evidence that the juvenile was with the victim on that occasion. The prosecution was also permitted to establish that the juvenile was in therapy at the time because he had previously committed a sexual assault.

The evidence of the adjudication for a prior sexual assault was admitted over objection, as were the juvenile's confessions. However, for purposes of this opinion, we will assume that the juvenile's confessions were properly admitted.

In *Meredith v. People,* 152 Colo. 69, 71, 380 P.2d 227, 228 (1963), the supreme court quoted from its earlier opinion in *Downey v. People,* 121 Colo. 307, 215 P.2d 892 (1950), as follows:

[A] conviction of crime cannot be upheld where it is based upon the uncorroborated confession of the person accused. There must be evidence of the corpus delicti apart from the statements contained in the confession.

*See also People v. Quinn,* 794 P.2d 1066 (Colo.App.1990). Further, evidence that the juvenile had an opportunity to commit the offense does not prove the corpus delicti. *Meredith v. People, supra.* Therefore, evidence of the juvenile's prior sexual assault was essential to support his adjudication here.

The General Assembly has confirmed in § 16–10–301(1), C.R.S.2001, that, in the prosecution of sexual offenses, there is a greater need for consideration by the fact finder of evidence of other relevant sexual acts of the accused, even to establish the corpus delicti of the offense. This statute applies to sexual assault upon a child by one in a position of trust. *See* §§ 16–10–301(2), 18–3–412.5(1)(b)(V), C.R.S.2001.

 However, the juvenile contends, and we agree, that the court erred when it admitted the evidence of his prior sexual assault to prove guilt here, because the prosecution had not first established a prima facie case for the charged offense. Section 16–10–301(4)(c), C.R.S.2001, expressly provides that:

> [t]he evidence of other acts may not be admitted until the trial court finds that the prosecution has by evidence or offer of proof established a prima facie case for the charged offense.

*See also People v. Milligan*, 714 P.2d 493 (Colo.App.1985)(to establish prima facie case, corpus delicti must be established).

 Accordingly, based on the plain language of the statute and contrary to the prosecution's contention, § 16–10–301(4)(c) requires that the prosecution first establish a prima facie case of the corpus delicti *before* evidence of another sexual assault is admitted. *See Hendricks v. People*, 10 P.3d 1231 (Colo.2000)(in applying the statute, the court must first look to the plain meaning of the words used), *see also People v. Nara*, 964 P.2d 578 (Colo.App.1998)(discussing former version of § 16–10–301(4)). Only then may evidence of the other assault be admitted to support the prosecution's case on the corpus delicti element.

Therefore, because the prosecution did not first establish a prima facie case of the corpus delicti element here, evidence of the juvenile's prior sexual assault was improperly admitted. Hence, the juvenile's adjudication was not supported by admissible evidence and must be reversed. *See Meredith v. People, supra.*

In light of our resolution of the foregoing issue, we do not address the juvenile's remaining contentions.

The judgment is reversed, and the case is remanded with directions for entry of an order dismissing the petition.

Judge ROTHENBERG and Judge VOGT concur.