**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Todd S. ROBSON, Defendant–Appellee.**

**No. 02CA1435.**

Colorado Court of Appeals, Div. IV.

Sept. 25, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

James J. Peters, District Attorney, William W. Hood, III, Deputy District Attorney, Englewood, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge NIETO.

The prosecution appeals the judgment dismissing the charges against Todd S. Robson, defendant. We affirm.

Defendant was charged with two counts of sexual assault on a child, his infant daughter. Defendant moved to dismiss the charges, asserting that the prosecution relied exclusively on his confessions and had no independent corroborative evidence that the alleged offenses occurred.

In a written response to the motion, the prosecution asserted that the confessions were corroborated by evidence that defendant had a daughter and that on occasion she had been left alone in his care.

After hearing arguments on the motion, the trial court, relying on *People in Interest of T.A.O.*, 36 P.3d 180 (Colo.App.2001), found that the prosecution's evidence apart from the confessions would not establish the corpus delicti of the alleged offenses. The court then granted the motion, dismissed the charges, and discharged defendant. This appeal followed.

Colorado has long recognized that a conviction cannot be based upon the uncorroborated confession of a defendant. "[C]onfessions made by a prisoner, unsupported by corroborating circumstances, are not, of themselves, sufficient to prove the corpus delicti. There should always be something more than a mere naked confession of one accused, to justify a verdict of guilty." *Dougherty v. People*, 1 Colo. 514, 524 (1872).

In more recent times the supreme court has adhered to this doctrine. *People v. Rankin*, 191 Colo. 508, 510, 554 P.2d 1107, 1108 (1976)("Where a confession is involved, the *corpus delicti* must be proved by evidence independent of the confession."); *People v. Smith*, 182 Colo. 31, 33, 510 P.2d 893, 894 (1973)("We have consistently held that a confession alone is not sufficient to establish the existence of a crime."); *Meredith v. People*, 152 Colo. 69, 71, 380 P.2d 227, 227 (1963)("The law is well settled . . . that extrajudicial confession without corroboration is not sufficient to sustain a conviction.").

It is also well settled in Colorado law that evidence of opportunity to commit the crime, standing alone, is not sufficient independent evidence to establish the corpus delicti. *Meredith v. People, supra; People in Interest of T.A.O., supra.*

Here, the prosecution's evidence, independent of the confessions, established only that defendant had an opportunity to commit the charged crimes. Accordingly, the trial court did not err by granting the motion to dismiss.

The prosecution argues that the adoption of the Colorado Rules of Evidence, specifically CRE 801(d)(2), superseded the corpus delicti doctrine. We do not agree.

In the cases cited above, the supreme court has treated the doctrine as a substantive rule of law relating to the quantum of

proof necessary to sustain a conviction. In each case, the defendant's confession was received in evidence, and none of the cases even suggest that the trial court erred by admitting the confessions into evidence. Therefore, we conclude that the adoption of the Colorado Rules of Evidence relating to the admissibility of a defendant's confession did not supersede the corpus delicti doctrine, which is a substantive rule of law.

The prosecution also argues that the traditional justifications for the corpus delicti doctrine do not apply in this case. This argument, in essence, urges a reversal or modification of the doctrine on public policy grounds. The authorities cited by the prosecution present sound arguments. *See Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Thomas A. Mullen, *Rule Without Reason: Requiring Independent Proof of the Corpus Delicti as a Condition of Admitting an Extrajudicial Confession*, 27 U.S.F. L.Rev. 385 (1993); Maria Lisa Crisera, *Reevaluation of the California Corpus Delicti Rule: A Response to the Invitation of Proposition 8*, 78 Calif. L.Rev. 1571, 1572–73 (1990). However, we are bound by the rule as expressed by the Colorado Supreme Court, and we are not free to depart from this precedent.

The judgment is affirmed.

JUDGE GRAHAM and JUDGE RULAND * concur.